358

## Ex parte WRIGHT.

### No. 23744.

United States District Court
N. D. California.

Oct. 27, 1948.

Before William Denman, U. S. Circuit Judge
for the Ninth Circuit.

DENMAN, Circuit Judge.

United States Attorney Karesh, attorney for the respondent Warden, advises me that the Warden cannot be required to deliver the petitioner to the United States District Court for the Eastern District of Illinois as, by oversight, was required of him by my final order dated April 23, 1948, heretofore made herein, granting petitioner's petition for release from the custody of the Warden. Wright v. Johnston, D.C., 77 F.Supp. 687.

In the absence of a specific statutory requirement for such a return, it was a wrong to petitioner for me so to suggest that petitioner's return will be required by the court whose error, then duly protested by petitioner, has prevented for over 17 years a trial which should be "speedy," that is for over 5 times the statutory limitation for indictment for the offense, with the likely loss of witnesses and inevitable impairment of memory of those procurable.

This oversight may be corrected by me at any time where the case is not on appeal. Federal Rules of Civil Procedure, rule 60(a), 28 U.S.C.A. Since an appeal taken from the order has been dismissed, the order of April 23, 1948, is ordered amended nunc pro tunc to read:

On this 23rd day of April, it is ordered that Wright's petition that he be discharged from the custody of the Warden is granted. This order is ordered stayed for ten days.